

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 19 2013

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATHAN DARRELL NEIGHBORS,      §
                               §
         Plaintiff,            §
                               §
VS.                            §   NO. 4:13-CV-562-A
                               §
PHELESEA GUY,                  §
                               §
         Defendant.            §

O R D E R

Plaintiff, Nathan Darrell Neighbors, who is incarcerated in

a facility with the Texas Department of Criminal Justice, filed

the instant complaint pursuant to 42 U.S.C. § 1983, naming as

defendant Phelesea Guy.[1]  Plaintiff did not pay the filing fee,

but in conjunction with his complaint filed a Prisoner Trust Fund

Account Statement.  The United States Magistrate Judge considered

the trust fund account statement to determine plaintiff's

qualification to proceed in forma pauperis.

In an order signed July 26, 2013, the magistrate judge

determined that plaintiff has had three previous cases dismissed

as frivolous and recommended that plaintiff not be allowed to

_____

[1]Plaintiff filed this action in the United States District Court, Eastern District of Texas. That court on June 18, 2013, transferred the action to the Northern District of Texas, where it was placed on the docket of the undersigned.

proceed _in forma pauperis_ in this action.  The magistrate judge further recommended that if plaintiff was not permitted to proceed _in forma pauperis_, that he also be ordered to pay the full filing fee of $400.00 within seven days after this court made any final determinations concerning plaintiff's _in forma pauperis_ status.  The magistrate judge further recommended this court advise plaintiff that failure to pay the filing fee could result in the dismissal of this action without further notice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[2]  The magistrate judge ordered that plaintiff file any objections by August 16, 2013.  On August 16, 2013, plaintiff filed a document entitled "Notice of Right to Object Proposed Findings 28 U.S.C. § 636," ("Objections"), which the court is construing as plaintiff's objections to the magistrate judge's recommendations.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a _de novo_ determination of the magistrate judge's order to which specific objection is made.  _United States v. Raddatz_, 447 U.S. 667, 673-75 (1980).  The majority of the Objections appears to expand on

---

[2]Rule 41(b) contemplates that a dismissal under it will be on motion of a defendant.  However, the court has inherent authority to dismiss, _sua sponte_, an action for want of prosecution.  _See_ _Link v. Wabash R.R. Co._, 370 U.S. 626, 630 (1962); _Jones v. Caddo Parish Sch. Bd._, 704 F.2d 206, 214 (5th Cir. 1983).

plaintiff's claims in his complaint.[3]  Plaintiff makes no specific objections to the magistrate judge's order, but only alleges that he is in "imminent danger" and that his "life is on the line" and he "could get kill [sic] at any time day or night." Objections at 2.[4]  However, plaintiff offers no facts to support these conclusory assertions either in the Objections or the complaint.  The court therefore overrules plaintiff's objections and accepts the magistrate judge's recommendation that plaintiff be denied the right to proceed in forma pauperis in this action.

Therefore,

The court accepts the recommendations of the United States Magistrate Judge and ORDERS that plaintiff be, and is hereby, denied the right to proceed in forma pauperis in this action.

The court further ORDERS that by 4:00 p.m. on August 26, 2013, plaintiff pay to the Clerk of the court the full filing fee of $400.00.

The court further ORDERS that failure of plaintiff to comply with the terms of this order may result in the dismissal of this

---

[3]The complaint and the subjects raised in the Objections appear to challenge plaintiff's 2003 conviction in his state criminal case.

[4]These statements were likely in response to the note in the magistrate judge's order that plaintiff may not proceed in forma pauperis unless he is under imminent danger of serious physical injury.

action without further notice pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure.

SIGNED August 19, 2013.

JOHN McBRYDE
United States District Judge